# United States District Court
# Central District of California

| | |
|---|---|
| LILIAN YESENIA PADRON et al., <br><br> Plaintiffs, <br><br> v. <br><br> ONEWEST BANK et al., <br><br> Defendants. | Case No. 2:14-cv-01340-ODW(Ex) <br><br> **ORDER TO SHOW CAUSE RE. LACK OF SUBJECT-MATTER JURISDICTION** |

On February 21, 2014, Defendants OneWest Bank, FSB; OneWest Bank Group LLC; and IMB HoldCo LLC removed this 121-Plaintiff action to this Court, ostensibly invoking federal-question jurisdiction under 28 U.S.C. § 1331 and CAFA mass-action jurisdiction under 28 U.S.C. § 1332(d).  After carefully considering the Notice of Removal, Complaint, and appended materials, the Court finds it doubtful that this case satisfies the mass-action jurisdictional requirements or that the Court should exercise supplemental jurisdiction over Plaintiffs' state-law claims.  The Court therefore **ORDERS** the parties **SHOW CAUSE** why the Court should not dismiss this case for lack of subject-matter jurisdiction.

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress.  U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A defendant may remove a case to federal court only if the federal

court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). But courts strictly construe the removal statute against removal jurisdiction, and federal "jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus*, 980 F.2d at 566).

Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331 or diversity of citizenship under 28 U.S.C. § 1332. To exercise diversity jurisdiction, a federal court must find complete diversity of citizenship among the adverse parties, and the amount in controversy must exceed $75,000, usually exclusive of interest and costs. 28 U.S.C. § 1332(a).

**A.   Federal-question jurisdiction**

In their Notice of Removal, Defendants point out that that this Court has federal-question jurisdiction because Plaintiffs allege violations of 15 U.S.C. § 1693e (relating to independence of appraisers), 12 C.F.R. § 323.5 (same), and 15 U.S.C. § 1 (Sherman Antitrust Act). (Not. of Removal ¶ 6; *see also* Compl. ¶¶ 210–11, 266–74.) The Court therefore finds that it has subject-matter jurisdiction solely over Plaintiffs appraiser-independence and antitrust claims.

Under 28 U.S.C. § 1367, federal districts courts have supplemental jurisdiction over state-law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." But a court may decline to exercise jurisdiction under this section under various scenarios, including when the state-law claims "substantially predominate" over the federal claims. 28 U.S.C. § 1367(c)(2); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726–27 (1966) ("Similarly, if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the

state claims may be dismissed without prejudice and left for resolution to state tribunals."); *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (adopting the *Gibbs* concerns in interpreting § 1367).

In their Complaint, Plaintiffs state 24 claims against Defendants for fraudulent concealment, intentional and negligent misrepresentation, negligence, violations of California's Unfair Competition Law, breach of contract and rescission, wrongful foreclosure, and other state-law claims. Plaintiffs spend hundreds of pages in their Complaint and Appendix describing their state-law foreclosure and breach-of-contract claims. The Complaint smacks of state—not federal—law. Exercising supplemental jurisdiction over the extensive state-law claims raised in this case solely because Plaintiffs cited to a few federal statutes in passing would be to exalt form over substance.

**B.  CAFA mass-action jurisdiction**

But Defendants also contend that the Court has jurisdiction over Plaintiffs' Complaint for an independent reason: mass-action jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). While federal courts have blazed a more-or-less defined trail through CAFA's class-action jurisdictional provisions, "CAFA's mass action provisions present an opaque, baroque maze of interlocking cross-references that defy easy interpretation . . . ." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1198 (11th Cir. 2007).

CAFA provides that "a mass action shall be deemed to be a class action removable under paragraphs (2) through (10) if it otherwise meets the provisions of those paragraphs." § 1332(d)(11)(A). The section goes on to define a mass action as "any civil action (except a civil action within the scope of section 1711(2)) in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact." *Id.* § (d)(11)(B)(i). But a court loses jurisdiction over an individual plaintiff's claims if
///

she does not meet § 1332(a)'s $75,000 amount-in-controversy requirement. *Id.*; *Tanoh v. Dow Chem. Co.*, 561 F.3d 945, 952-53 (9th Cir. 2009).

That subsection appears to squarely apply to Plaintiffs' action, i.e., it seems that the Court has CAFA mass-action jurisdiction. There are 121 Plaintiffs in this action, which easily exceeds 100. Plaintiffs also appear to have filed suit together to try their claims "jointly on the ground that the plaintiffs' claims involve common questions of law or fact," namely, Defendants' allegedly illegal practices with respect to loan-initiation, modification, and foreclosure. It is entirely clear whether each Plaintiff satisfies the amount-in-controversy requirement. But that requirement does not affect jurisdiction as to the mass action itself. *Lowery*, 483 F.3d at 1206–07 ("[S]o long as the mass action met the various jurisdictional requirements at the time of removal, it is the Committee's view that those subsequent remands should not extinguish federal diversity jurisdictional over the action." (quoting S. Rep. No. 109-14, at 47 (2005), *reprinted in* 2005 U.S.C.C.A.N. 3, 44)).

While CAFA may appear to vest this Court with mass-action jurisdiction, the Court must be mindful of § 1332(d)(11)(A)'s proviso, i.e., the mass action must still satisfy all the requirements of a CAFA class action enumerated in paragraphs (2)–(10). *Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1048 (C.D. Cal. 2012) ("As the mass action statutes explicitly incorporate the other requirements necessary to maintain a *class* action, 28 U.S.C. § 1332(d)(11)(A), any exceptions to the court's jurisdiction under CAFA's class action provisions also apply."); *Lowery*, 483 F.3d at 1199–200 (11th Cir. 2007).

Section 1332(d)(4) mandates that a district court "shall decline to exercise jurisdiction" if either the local-controversy exception under § 1332(d)(4)(A) or the home-state controversy exception under § 1332(d)(4)(B) applies.

After the Court's review of the Notice of Removal and Complaint, it appears as though the local-controversy exception may apply to this action. That exception demands that a district court decline to exercise CAFA jurisdiction if,

(I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

(II) at least 1 defendant is a defendant--

(aa) from whom significant relief is sought by members of the plaintiff class;

(bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

(cc) who is a citizen of the State in which the action was originally filed; and

(III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

(ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons . . . .

§ 1332(d)(4)(A). All of the exception's elements appear to be met here. But it is unclear to the Court whether "during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons." Plaintiffs' counsel likely has that information. It is also important to note that the burden to establish this exception rests squarely on Plaintiffs' shoulders, even though Defendants seek to invoke mass-action jurisdiction. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007) ("[A]lthough the removing party bears the initial burden of establishing federal jurisdiction under § 1332(d)(2), once federal jurisdiction has been established under that provision, the objecting party bears the

/ / /

burden of proof as to the applicability of any express statutory exception under §§ 1332(d)(4)(A) and (B).").

Federal courts as courts of limited jurisdiction have an affirmative obligation to ensure that they only act within the jurisdictional bounds prescribed by the Constitution and Congress. *See* 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h). It appears here that the Court may not have mass-action jurisdiction over this case. The Court accordingly **ORDERS** the parties to **SHOW CAUSE** in writing by **Monday, March 17, 2014**, why the Court should not dismiss this action for lack of subject-matter. No hearing will be held. The Court will discharge this Order upon receipt of a properly noticed remand motion that complies with, among others, Local Rule 7-3, or a written response from the parties regarding this Order. Failure to timely respond will result in dismissal of this action for lack of prosecution.

**IT IS SO ORDERED.**

February 28, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**