# United States District Court
# Central District of California

| | |
|---|---|
| LILIAN YESENIA PADRON et al., <br> Plaintiffs, <br> v. <br> ONEWEST BANK et al., <br> Defendants. | Case No. 2:14-cv-01340-ODW(Ex) <br><br> **ORDER DISCHARGING ORDER TO SHOW CAUSE RE. SANCTIONS AND ORDER TO SHOW CAUSE RE. IMPERMISSIVE JOINDER UNDER RULE 20** |

On March 18, 2014, the Court ordered Plaintiffs and various Defendants to show cause why the Court should not sanction each of them $1,500.00 for failing to respond to the Court's February 28, 2014 Order to Show Cause re. Lack of Subject-Matter Jurisdiction. (ECF No. 12.) Defendants Meridian Foreclosure Service, IMB HoldCo LLC, OneWest Bank, and OneWest Bank Group LLC responded to the Order, indicating that they believed that only Plaintiffs had to address the Court's subject-matter-jurisdiction concerns. (ECF Nos. 13, 14.)

The Court finds it troubling that Plaintiffs have been radio silent in light of two Orders to Show Cause. But in considering Defendants' submissions, the Court **DISCHARGES** the March 18, 2014 Order to Show Cause and **VACATES** the hearing set for Monday, March 24, 2014.

Even if the Court ostensibly has mass-action jurisdiction over Plaintiffs' Complaint under the Class Action Fairness Act, the Court is not convinced that Plaintiffs have complied with Federal Rule of Civil Procedure 20. That Rule provides that multiple plaintiffs may join their actions together into one if "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1).

A terse review of Plaintiffs' 264-page appendix to their 121-plaintiff Complaint strongly suggests that each Plaintiff's claims involve different factual scenarios triggering different bases for potential relief. The fact that Plaintiffs found it necessary to individually tell each Plaintiff's story lends support to the conclusion that it may be much more efficient and less prejudicial to Defendants to litigate each Plaintiff's claims separately. The Court cannot imagine a scenario where, for example, the parties would realistically be able to address all 121 Plaintiffs in one motion.

The Court therefore **ORDERS** Plaintiffs to **SHOW CAUSE** in writing by **Thursday, April 3, 2014**, why the Court should not order that Plaintiffs file individual actions. No hearing will be held. Defendants may, but are not required to, file a simultaneous brief addressing the Court's concerns and their position. Failure to timely respond will result in dismissal for lack of prosecution.

**IT IS SO ORDERED.**

March 21, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**