O

# United States District Court
# Central District of California

| | |
|---|---|
| LILIAN YESENIA PADRON; RICHARD WEST; NANCY ARMSTRONG-WEST; LADISLAO KALMAR; IZASKUN GALARRAGA; JORGE ESPINOZA; ALBINA ESPINOZA; LUIS PEREZ; ROEGLIO HERNANDEZ; TERESA HERNANDEZ; AUDREY VINITSKY; EDWARD VINITSKY; LONNIE WALL; MARGARET LANAM; STEVEN ANDERSON; LORRIE ANDERSON; JILL RIDGWAY-BALL; ROBERT WHITMORE; FIONA WHITMORE; JOHN HICKS; KATHERINE WARD; DWAYNE BREWER; CLEADITH BREWER; DAVID CERDA PAZ; ROSA CERDA; DANIEL RUSSELL; MASATOSHI TAUCHI; MANUEL MARTINEZ; LILIA MARTINEZ; DANIEL GAMBLER; ALICE | Case No. 2:14-cv-01340-ODW(Ex)<br><br>**ORDER SEVERING ACTION, REMANDING STATE-LAW CLAIMS, AND DENYING MOTIONS TO DISMISS AS MOOT [18], [19]** |

| | |
|---|---|
| 1 | GAMBLER; JENNIFER CAROLAN; |
| 2 | JOSE VELASCO; BEATRICE |
| 3 | VELASCO; MELBA SAUNDERS; PAUL |
| 4 | SAUNDERS; MARIA ALCANTAR; |
| 5 | MIGUEL VEGA; CYNTHIA VEGA; |
| 6 | RAGHDA ZAYER; MIKE |
| 7 | MANOUGIAN; SIDNEY P. JACOBS; |
| 8 | LYNN B. JACOBS; DONNA CASTY; |
| 9 | WILLIAM BARTEL; WINIFRED |
| 10 | BARTEL; GARY MILLEMAN; |
| 11 | ROSALINDA MILLEMAN; ELIGITHA |
| 12 | BALDONADO; ZABI SUBAT; |
| 13 | ROSENDA CHAPMAN; GENARO |
| 14 | LARIOS; SILVIA MEDINA RIVERA; |
| 15 | ALEJANDRO MANZO; MARIA |
| 16 | MANZO; WILLIAM LOWE; ANGEL |
| 17 | ANDRADE; FELIPA ANDRADE; |
| 18 | LEONIDA PAPA; VINCENT ADAMO; |
| 19 | NAZARIO MADRIGAL; MILLICENT |
| 20 | DICKINSON; TERRY SANNITA; RAYE |
| 21 | SANNITA; TARYN COSS; SCOTT |
| 22 | SEELIG; ROCIO SEELIG; SCOTT |
| 23 | JAKOVICH; VICTORIA JAKOVICH; |
| 24 | EUNICE AKPAN; JOHN VIGLIOTTI; |
| 25 | DEANNA VIGLIOTTI; HAYDEE |
| 26 | LOPEZ; JESUS LOPEZ; ROLANDA |
| 27 | WHITE; LUIS LOPEZ; OSCAR |
| 28 | SANDOVAL; SONIA SANDOVAL; |

| | |
|---|---|
| 1 | HUGO CARCAMO; CLAUDIA |
| 2 | CARCAMO; ELVIRA BALUYOT; |
| 3 | NOEL BALUOT; EDWARD VARENAS; |
| 4 | NELINIA VARENAS; GLORIA |
| 5 | CHARLES; FRANCISCO ROMO; |
| 6 | FELIPE MURO; PAOLA MURO; |
| 7 | DENNIS MICHAEL CHILCOAT; |
| 8 | CAROL ANN CHILCOAT; PEARL |
| 9 | BOWEN; MANUEL CALVILLO; |
| 10 | HERACLIO GONZALEZ; MARICELA |
| 11 | GONZALEZ; CARLETTA MCCRAY; |
| 12 | TOMMIE MCCRAY; ALAN BERGUM; |
| 13 | ROCIO BERGUM; IVORY |
| 14 | RODRIGUEZ; FRANCISCA |
| 15 | RODRIGUEZ; DIANA THAN; |
| 16 | ENRIQUETA POLANCO; MARTIN |
| 17 | LOZANO; CHARLES NAVARRO; |
| 18 | DEBRA NAVARRO; NHU THUAN THI |
| 19 | NGUYEN; JOSEFINA MARTINEZ; |
| 20 | GILBERTO MURILLO; JANNET |
| 21 | TORRES; IVAN SALAZAR; PORFIRIO |
| 22 | CAMACHO; DONIDA GARZARO; |
| 23 | NELSON MIGUEL; MALIETA |
| 24 | MIGUEL; TEODORO ABUYO; JUANA |
| 25 | TLATENCHI; FELIPE TLATENCHI; |
| 26 | Q.C KELKER; FACUNDO ROSAS; |
| 27 | CHIRSTINA RESINA, |
| 28 |                 Plaintiffs, |

|   |   |
|---|---|
| 1 | v. |
| 2 | ONEWEST BANK; ONEWEST BANK |
| 3 | GROUP LLC; INDYMAC BANK; |
| 4 | INDYMAC MORTGAGE SERVICES; |
| 5 | INDYMAC BANCORP, INC.; IMB |
| 6 | HOLDCO; NDEX WEST, LLC; |
| 7 | MERIDIAN FORECLOSURE SERVICE |
| 8 | f/k/a MTDS, INC.; FEDERAL DEPOSIT |
| 9 | INSURANCE CORPORATION; |
| 10 | LANDAMERICA, INC.; DOES 1–1000, |
| 11 | inclusive, |
| 12 | Defendants. |

## I. INTRODUCTION

One hundred and twenty-one Plaintiffs joined together in this action against Defendants OneWest Bank, FSB and various mortgage servicers, trustees, and an appraiser. Plaintiffs allege 24 claims, all essentially rooted in their allegations that OneWest and related entities "ceased acting as conventional money lenders and instead morphed into an enterprise engaged in systematic fraud upon its borrowers." (Compl. ¶ 3.) After Plaintiffs ignored one Order to Show Cause, the Court issued another, this time addressing whether Plaintiffs properly joined together under Federal Rule of Civil Procedure 20(a).

After considering Plaintiffs' response and related arguments in one of Defendants' Motions to Dismiss, the Court finds that Plaintiffs' claims do not involve the "same transaction or occurrence" and do not present common questions of law and fact sufficient for permissive joinder. The Court accordingly **DISMISSES** all Plaintiffs except for Lilian Yesenia Padron. The Court also declines to exercise supplemental jurisdiction over Padron's state-law claims and thus **REMANDS** them to Los Angeles County Superior Court.

## II.     FACTUAL BACKGROUND

On November 18, 2013, 121 plaintiffs filed the present action in Los Angeles County Superior against OneWest Bank, the successor to the failed IndyMac Bank. (Not. of Removal Ex. A.)  Plaintiffs also sued mortgage servicers, trustees, the Federal Deposit Insurance Corporation, and a real-estate appraiser.  In their 99-page Complaint, Plaintiffs allege five causes of action consisting of 24 claims.  The claims include fraudulent concealment; intentional misrepresentation; negligent misrepresentation; negligence; contract rescission; breach of contract; wrongful foreclosure; and violations of California's Unfair Competition Law; 15 U.S.C. § 1639e; 12 C.F.R. § 323.5; 15 U.S.C. § 1; California Code of Civil Procedure sections 580B and 726; and California Civil Code sections 1788 and 2994G.  (*Id.*)

Plaintiffs essentially allege that "Defendants had ceased acting as conventional money lenders and instead morphed into an enterprise engaged in systematic fraud upon its borrowers."  (Compl. ¶ 3.)  Defendants allegedly placed Plaintiffs into loans which Defendants knew the borrowers could not afford, abandoned industry-standard underwriting guidelines, concealed or misrepresented the loan terms to borrowers to induce their consent, and intentionally inflated appraisal values through Defendant LandAmerica, Inc.—"knowing that their scheme would cause the precipitous decline in values of all homes throughout California."  (*Id.*)

Plaintiffs also attached a voluminous, 264-page appendix to their Complaint. (*Id.* Ex. A.)  Appendix A includes individual vignettes addressing each plaintiff's varied factual background, including the purchased property, loan terms and amount, representations made to the borrower, appraisal figure, modification attempts, and alleged damages.  (*Id.*)

On February 21, 2014, OneWest Bank, FSB, OneWest Bank Group LLC, and IMB HoldCo LLC removed this action to this Court, invoking mass-action jurisdiction under the federal Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). (ECF No. 1.)  The Court subsequently ordered the parties to brief whether

1  CAFA's local-controversy exception under § 1332(d)(4)(A) applies to this action.
2  (ECF No. 8.) No party responded, so the Court ordered the parties to show cause why
3  the Court should not sanction them for ignoring the Court's Order. (ECF No. 12.)
4  Defendants—but not Plaintiffs—responded to that Order, indicating reasons why the
5  local-controversy exception would not apply. (ECF Nos. 13, 14.)
6        On March 21, 2014, the Court issued another Order to Show Cause, this time
7  requiring Plaintiffs to address whether they properly joined together in one action
8  under Rule 20(a). (ECF No. 15.) In the meantime, Defendants filed two Motions to
9  Dismiss under Rule 12(b)(6)—in part addressing the Court's permissive-joinder
10 concerns. (ECF Nos. 18, 19.) On April 3, 2014, Plaintiffs filed a response to the
11 Court's Order. (ECF No. 21.)

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 20(a) permits multiple plaintiffs to join their claims in one action if "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and "any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000). While the Rule does not provide specific guidance on how a court should apply permissive joinder, the Ninth Circuit has stated that the rule "is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." *League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977).

## IV. DISCUSSION

While all 121 Plaintiffs purport to join their claims together in this CAFA mass action, the Court finds that they have not established the prerequisites for permissive joinder under Rule 20(a). Joining such diverse and varied claims would also severely
/ / /

prejudice Defendants and work a disservice to the Court, thereby further compelling the conclusion that Plaintiffs may not proceed together in one action.

**A.    Same transaction or occurrence**

The Ninth Circuit has stated that the first prong—addressing whether the plaintiffs' claims arise from the "same transaction, occurrence, or series of transactions or occurrences"—refers to the "similarity in the factual background" of the claims. *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). Several courts considering what constitutes the "same transaction or occurrence" have relied upon the Eighth Circuit's interpretation in *Mosley v. General Motors Corp.*, 497 F.2d 1330 (8th Cir. 1974), in which the court stated that Rule 20(a) permits "all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary." *Id.* at 1333.

Plaintiffs contend that "all that must be shown to satisfy the first prong of the joinder statute [*sic*] is that the claims bear some logically [*sic*] relationship." (Response 3.) They assert that all of their claims arise from the same allegedly unlawful scheme, policy, or practice implemented by Defendants,[1] such as Defendants' alleged price-fixing scheme in which they manipulated home values through residential appraisals and Defendants' practice of placing Plaintiffs into known dangerous loan products. Plaintiffs additionally argue that each of Plaintiffs' individual transactions and the alleged resulting injuries were the direct result of a common intentional practice or scheme implemented by Defendants/

But in their second Motion to Dismiss, Defendants cite to the Ninth Circuit's recent decision in *Visendi v. Bank of America*, 733 F.3d 870 (9th Cir. 2013), arguing

/ / /

---

[1] Plaintiffs perplexingly state that the "Complaint unambiguously alleges that Defendants *Bank of America/Countrywide* together in conspiracy with other Defendants" engaged in policies that injured Plaintiffs. (Response 5 (emphasis added).) But neither Bank of America nor Countrywide are defendants in this action. Plaintiffs' apparent confusion over which parties are involved in their action does little to mollify the Court's joinder concerns.

that the Court of Appeals has already held that plaintiffs may not join together in one action to sue common defendants based on discrete real-estate loan transactions.

In *Visendi*, 137 named plaintiffs sued 25 financial institutions in California state court. *Id.* at 866. The plaintiffs alleged that the defendants' deceptive mortgage lending and securitization practices decreased the value of their homes and otherwise caused them injury. *Id.* Defendants removed the case to federal court, invoking CAFA mass-action jurisdiction. *Id.* But the district court then remanded the case back to state court.

On appeal, the Ninth Circuit addressed whether all plaintiffs—then totaling 160 of them—properly joined together under Rule 20(a) to bring suit in one action. The court held that the plaintiffs failed to establish either of the Rule's requirements. *Id.* at 870. The court noted that there was no "same transaction or occurrence," because the action involved "over 100 distinct loan transactions with many different lenders," and the loans were secured by separate properties in different states of foreclosure. *Id.* The court held that while "Plaintiffs allege in conclusory fashion that Defendants' misconduct was 'regular and systematic,' their interactions with Defendants were not uniform. Factual disparities of the magnitude alleged are too great to support permissive joinder." *Id.*

This action is virtually identical to *Visendi*. Here, 121 named plaintiffs claim that Defendants' alleged deceptive mortgage practices reduced their home values and caused them other financial injury. Plaintiffs have each entered into different mortgages on different properties with different terms and different representations. But "[f]actual disparities of the magnitude alleged are too great to support permissive joinder." *Id.* Nothing about Plaintiffs' varied claims is the "same"—besides the general background fact that each Plaintiff purchased a piece of property, mortgaged it, failed to pay, and entered into foreclosure. This general theme will do little to advance each individual claim if the action were to proceed as is. Rather,
/ / /

1 Defendants—and subsequently the Court—will have to wade through the factual
2 thicket of each Plaintiff's own situation to determine the merits of their claims.

3 Just like in *Visendi*, Plaintiffs continually allege that Defendants had a common
4 scheme, conspiracy, or policy to intentionally place Plaintiffs into "dangerous" loans,
5 misrepresent the mortgage terms, artificially inflate appraisal prices, and engage in
6 sham loan modifications. But the Court agrees with Defendants that "the evocation of
7 the vague strategy, scheme, or 'conspiracy' cannot transcend the reality that each
8 Plaintiff's transaction is discrete, unique, and based on Plaintiff-specific facts and
9 circumstances." (ECF No. 19, at 6.)

**B. Common questions of law or fact**

Plaintiffs assert that "[s]o long as there is even a single 'common question' involving each of the parties joined, the joinder rule is satisfied." (Response 8.) They then proceed to identify purported common factual questions, such as whether Defendants artificially inflated home-appraisal values, implemented a practice to induce Plaintiffs to accept loans which Defendants knew were dangerous or unaffordable, departed from established underwriting guidelines, and made common misrepresentations regarding the nature of the loans. Plaintiffs also assert that there are common legal questions, including the admissibility of common evidentiary items, discovery, determination of proper causation tests, and damages. Most confusingly, Plaintiffs conclude that "because Plaintiffs satisfy both prong [*sic*] of CCP §378 [*sic*], the trial court erred when it dismissed Plaintiffs after sustaining Defendants' Demurrer to the COMPLAINT based on misjoinder." (Response 12.)

There are many issues with Plaintiffs' conclusion. First, the California Code of Civil Procedure does not govern joinder in this action; Federal Rule of Civil Procedure 20(a) does. Second, this Court *is* the trial court. Plaintiffs phrase their Response as if they are already appealing the Court's Order. Plaintiffs therefore do little to address this Court's concerns.

/ / /

Defendants in turn argue that if the Court were to accept Plaintiffs' generalized common factual and legal questions, "thousands of borrowers would be free to join this suit." (ECF No. 19, at 6.) Given the sweeping questions that Plaintiffs label as "common," Defendants parade-of-horribles argument is not far off. Indeed, it appears the only glue holding Plaintiffs' disparate claims together is the fact that each involves a mortgage, and the Court will therefore have to address legal questions related to each mortgage. But an answer on one mortgage will not necessarily bear on another, as each arose under different factual circumstances.

The Court consequently finds that Plaintiffs have failed to satisfy either of Rule 20(a)'s prongs and are thus improperly joined together in this action.

**C.     Protective measures**

Even if the Court were to find that Plaintiffs preliminarily met both of Rule 20(a)'s requirements, the joinder journey does not end there. Rule 20(b) provides that the "court may issue orders—including an order for separate trials—to protect a party against embarrassment, delay, expense, or other prejudice." Under this proviso, courts generally consider whether they should decline joinder to prevent jury confusion, judicial inefficiency, and prejudice to the defendants. *Wynn v. Nat'l Broad. Co., Inc.*, 234 F. Supp. 2d 1067, 1088 (C.D. Cal. 2002); *see also Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980); *Hard Drive Prods., Inc. v. Does 1-188*, 809 F. Supp. 2d 1150, 1156 (N.D. Cal. 2011).

Allowing all 121 Plaintiffs to proceed together in one action would severely prejudice Defendants and would result in severe inefficiency in this Court's handling of the matter. From this Court's experience with mortgage cases, each involves a highly fact-intensive inquiry concerning the exact terms of the mortgage as compared to what a plaintiff alleges she was told, as well as the precise timing and manner of how a lender has proceeded through the foreclosure process. In essence, Defendants would have to prepare—and the Court would have to adjudicate—121 mini-trials.
/ / /

1 The only effective similarity would be that each one would bear the same caption.
2 That sort of inefficiency is precisely what Rule 20(b) empowered courts to avoid.

3 The Ninth Circuit has already enunciated the remedy a court should apply in
4 this circumstance. The court should dismiss all of the plaintiffs except for the first one
5 without prejudice and allow them to file individual actions. *Visendi*, 733 F.3d at 870.
6 Consistent with that direction, the Court **DISMISSES** all Plaintiffs except Lilian
7 Yesenia Padron **WITHOUT PREJUDICE**.

8 **D. Remand of Padron's state-law claims**

9 Now that the Court has dismissed all Plaintiffs except for Padron, the Court no
10 longer has mass-action jurisdiction over Padron's claims. Rather, since Padron
11 alleges violations of 15 U.S.C. § 1639e, 12 C.F.R. § 323.5, and 15 U.S.C. § 1, the
12 Court has federal-question jurisdiction over those claims. *See* 28 U.S.C. § 1331.

13 Ordinarily, the supplemental-jurisdiction statute would empower—though not
14 require—the Court to exercise pendent-claim jurisdiction over Padron's remaining
15 state-law claims. *See* 28 U.S.C. § 1367(a). But § 1367(c) permits a court to decline to
16 exercise jurisdiction if, among others, the state-law claims "substantially
17 predominate[] over the claim or claims over which the district court has original
18 jurisdiction." *Id.* § 1367(c)(2).

19 Prior to Congress enacting § 1367, the United States Supreme Court had
20 established the supplemental-jurisdiction doctrine in *United Mine Workers v. Gibbs*,
21 383 U.S. 715 (1966). But the Court emphasized that supplemental jurisdiction is
22 discretionary and "need not be exercised in every case in which it is found to exist."
23 *Id.* at 726. Rather, "[n]eedless decisions of state law should be avoided both as a
24 matter of comity and to promote justice between the parties, by procuring for them a
25 surer-footed reading of applicable law." *Id.*; *see also Feezor v. Tesstab Operations*
26 *Grp., Inc.*, 524 F. Supp. 2d 1222, 1225 (S.D. Cal. 2007) (declining to exercise
27 supplemental jurisdiction because state-law claims predominated over federal ones).
28 / / /

As the Supreme Court has stated, "[c]ontract and real property are traditionally the domain of state law." *Fid. Fed. Sav. & Loan Ass'n v. de la Cuesta*, 458 U.S. 141, 174 (1982). What's more, Padron's 24 claims almost entirely sound in state law. In addition to real-property law, fraud, misrepresentation, and negligence are common-law creatures that exist entirely outside the federal system. It would upset the balance of this nation's federalist system for federal court to continually weigh in on mortgage cases—especially when a plaintiff rests her claims almost entirely on state law.

The Court therefore declines to exercise supplemental jurisdiction over Padron's state-law claims and **REMANDS** those claims to Los Angeles County Superior Court.

## V. CONCLUSION

For the reasons discussed above, the Court **DISMISSES** all Plaintiffs except Padron and **REMANDS** Padron's state-law claims to Los Angeles County Superior Court. The Court retains jurisdiction over Padron's claims for alleged violations of 15 U.S.C. § 1639e, 12 C.F.R. § 323.5, and 15 U.S.C. § 1. Considering the effects of this Order, the Court **DENIES** Defendants' Motions to Dismiss **AS MOOT**. (ECF Nos. 18, 19.) Defendants shall answer or otherwise respond to Padron's federal claims within 14 days. Alternatively, if Padron intends to amend her Complaint, she shall meet and confer with Defendants within that same period.

**IT IS SO ORDERED.**

April 7, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

cc: order re Remand of Padrons State claims only,
docket, remand letter and docket to Los Angeles Superior Court, No.BC527752